IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES A. STEPHENS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:14cv569-MEF-WC |
| | ) |
| GLEN GOGGANS and JO LYNN BURNETTE, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff has filed a Motion for Injunctive Relief Status Pro Ante. Mot. (Doc. 4). Plaintiff's request for a preliminary injunction is made pursuant to Federal Rule of Civil Procedure 65, wherein Plaintiff seeks an injunction. The motion does not set forth Plaintiff's request for injunctive relief. Plaintiff states that he seeks immediate relief "because of fear of actions Judge Goggans and or Mrs. Jo Lynn Burnette might make." *Id.* at 1. Plaintiff then states that "[a] civil lawsuit has been engaged and it would not serve to be brought before Judge Goggans for any reason." *Id.* It appears Plaintiff may be seeking an injunction to bar Judge Goggans from presiding over some matter; however, it is unclear whether this relates to a criminal or civil matter and whether those proceedings are ongoing or have been concluded. For the reasons that follow, it is the recommendation of the undersigned Magistrate Judge that the motion be denied.

**I. DISCUSSION**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Plaintiff must demonstrate are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Plaintiff outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer*, 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

The court has carefully reviewed Plaintiff's request for a preliminary injunction and finds that he is unable to show a substantial likelihood of success on the merits. In an

order filed contemporaneously and pursuant to 28 U.S.C. § 1915, the court has stayed service of process of this action and ordered Plaintiff to show cause as to why this case should not be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's inability to even state a claim within his Complaint evidences that he is unable to meet his burden of showing a substantial likelihood of success on the merits of his claims. The undersigned, therefore, concludes that Plaintiff's request for a preliminary injunction should be denied.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Motion for Preliminary Injunction (Doc. 4) be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 30, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404

(5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of June, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE