IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES A. STEPHENS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14cv569-MEF-WC |
| | ) | |
| GLEN GOGGANS and JO LYNN BURNETTE, | ) ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff's Complaint. Compl. (Doc. 1). On June 9, 2014, the District Judge entered an Order referring this matter to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Order (Doc. 3). Plaintiff requested leave to proceed *in forma pauperis*, Mot. (Doc. 2), which obligates the court to undertake review of Plaintiff's Complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

Upon review of the Complaint and Plaintiff's Response to the court's order to show cause, the court finds that this case is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim on which relief may be granted.

**I. BACKGROUND**

On June 5, 2014, Plaintiff, proceeding *pro se*, filed a Complaint alleging violations of Plaintiff's civil rights, and seeking injunctive relief from defendants, state court judge Glen Goggans ("Judge Goggans") and court referral officer ("CRO") Jo Lynn Burnette ("CRO Burnette"). Compl. (Doc. 1). Plaintiff alleged the following:

> During the course of these (3) years, I have been jailed numerous time's for failure to pay or report to my CRO. . . . Judge Goggans awarded me indigent status for my defense, but refused to do so for any drug classes and or CRO fee's, even though there is a state fund set aside for it. . . . "It was pay or stay" even if you were effectively indigent. Elmore County wants there money, or you will be in jail.
>
> . . .
>
> I've sent letters faxes made phone calls to the Judge's office, and Mrs. Burnette and enclosed is a letter written Dec 2014 telling her plainly I had major health problems. Any reasonable person can understand my letters to both Judge Goggans and Mrs. Jo Lynn Burnette. They just didn't care about my civil rights. Denial by both of them to be released from the program no reasonable person would make these kind of major constitutional errors if they had any respect for the United States laws.

*Id.* at 3. Thus, it appears Plaintiff's chief complaint centers around a criminal sentence given by Judge Goggans, which included attending treatment classes and paying "CRO fees" that Plaintiff alleges he should be excused from because he is indigent. Additionally, Plaintiff complained, "I went to chemical addiction's program with a terrible infection in my prostate and had to set to give urine samples, it was the same at the CRO office." *Id.* at 4. In this regard, Plaintiff appears to be complaining that he was made to comply with the terms of his sentence/supervision.

On June 16, 2014, the court entered an Order (Doc. 5) granting Plaintiff leave to proceed *in forma pauperis* and staying service of process pending review under 28 U.S.C. § 1915. Concerned about Plaintiff's ability to state a claim on these facts, the court then ordered Plaintiff to show cause as to why this case should not be dismissed based on the *Younger* abstention doctrine, as this case appeared to be an attempt to have this court interfere with ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). On June 27, 2014, Plaintiff filed a Motion for Extension of Time to File[1] (Doc. 7), as well as a Response to the Order to Show Cause (Doc. 8).

## II. DISCUSSION

Upon review of Plaintiff's Response (Doc. 8), as best the court can discern, Plaintiff seeks injunctive relief against Judge Glen Goggans and Court Referral Officer Jo Lynn Burnette to prevent Defendants from incarcerating Plaintiff when Plaintiff is noncompliant with the terms of his criminal sentence. Even upon a very liberal construction of Plaintiff's pleadings,[2] the court finds that this case is due to be dismissed, as Plaintiff fails to state a claim upon which relief may be granted.

To the extent Plaintiff seeks injunctive relief from orders issued by a state court which have become final under state law, this court lacks jurisdiction to render such

---

[1] Plaintiff sought an extension of time in order to retain counsel to represent him in this case. (Doc. 7). In an order filed contemporaneously with this recommendation, the Undersigned denied the motion for extension, as additional time would be futile.

[2] "In the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). "While a complaint does not need detailed factual allegations, 'a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'" *Simpson v. Zwinge*, 2013 WL 5340509, at *1 (11th Cir. Sept. 25, 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

judgment in an action filed under 42 U.S.C. § 1983.  "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'"  *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court, as this case is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"  *Lance*, 546 U.S. at 464 (quoting *Exxon Mobil*, 544 U.S. at 284); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").

Plaintiff's argument is not that Judge Goggans failed to take into account Plaintiff's ability to pay; rather Plaintiff disagrees with Judge Goggan's determination that Plaintiff was, in fact, able to pay some fees as part of his sentence.  Plaintiff states, "The fact remains that the <u>defendants were aware of my ability to pay</u> and . . . it was impossible to comply:  there was no possible way to satisfy either Judge Goggans or Mrs. Jo Lynn Burnette."  (Doc. 8) at 3-4 (emphasis added); see also (Doc. 8) at 5 ("I asked for [indigent] status in a letter to Judge Goggans, and it was refused.").  With this argument, Plaintiff is "[a] state-court loser[] complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance*, 546 U.S. at 464. This is precisely the situation *Rooker-Feldman* bars.

Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Here, Plaintiff requests this court order Plaintiff to serve an alternative sentence: "I would be receptive to also just about any reasonable offer to set aside my existing cases in Elmore County," (Doc. 8) at 4; "Any judge has the responsibility to render an alternative sentence, and I am not opposed to some sort of closure, work for . . . police dept, washing cars a church fire dept wherever as long as I can afford the gasoline to do so," (Doc. 8) at 3. Plaintiff seeks, through a § 1983 action, to compel or to appeal a particular course of action by a state court. This court is prohibited from doing so. The court concludes that any requests seeking relief from orders issued or actions taken by Judge Goggans or CRO Burnette in any criminal case involving Plaintiff are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent Plaintiff's complaint in this case is an attempt to have this court interfere with ongoing state criminal proceedings, such interference is barred by the *Younger* abstention doctrine. The abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), reaffirmed the "strong federal policy against federal-court interference with pending state judicial proceedings." *Middlesex Cnty. Ethics Comm. v.*

*Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).  In determining whether it must abstain from exercising jurisdiction under *Younger*, a court must consider three factors: (1) whether there is an ongoing state judicial proceeding; (2) whether the proceeding implicates important state interests; and (3) whether there is an adequate opportunity to raise constitutional challenges in the state proceeding.  *Id.*  In this case, all three factors require the court to abstain from exercising jurisdiction over Plaintiff's claims.  First, in response to concerns raised by the court in the order to show cause, Plaintiff stated that "this is an ongoing situation."  (Doc. 8) at 1.  Second, criminal prosecutions clearly implicate important state interests.  *Younger*, 401 U.S. at 46 (relying on a "fundamental policy against federal interference with state criminal prosecutions").  Third, Plaintiff could have raised his challenges before Judge Goggans, and indeed it appears he did so at least to some extent, and then could appeal any adverse rulings as desired to the appropriate state court.  It is not however, appropriate for this court to interfere with the state court's proceedings.

For these reasons, Plaintiff's suit is due to be dismissed as it fails to state a claim upon which relief may be granted.

## II. CONCLUSION

Accordingly, for the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Plaintiffs' case be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  Further, it is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 24, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of July, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE